# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY FULTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-261-RAW |
| | ) |
| CUTTER EQUIPMENT, LLC, and | ) |
| WILLIAM SWEETIN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion for partial summary judgment of the defendant William Sweetin. This lawsuit involves a motor vehicle accident which took place in early August, 2016 in Ada, Oklahoma between a vehicle operated by plaintiff and a vehicle operated by defendant Sweetin (an employee of Cutter).[1] As to Sweetin, plaintiff brings a claim for negligence and also seeks an award of punitive damages. The present motion seeks dismissal of the claim for punitive damages.

The standard regarding motions for summary judgment is set forth in Rule 56(a) F.R.Cv.P. The court must view the evidence in the light most favorable to the nonmoving party. *See Sidlo v. Millercoors, LLC,* 2018 WL 1180500, *4 (10th Cir.2018).

Plaintiff's vehicle was stationary, having stopped at a red light. The vehicle driven by Sweetin struck plaintiff's vehicle from behind. Plaintiff alleges he suffered traumatic brain injury, and underwent a lumbar fusion surgery. Photographs do not reflect major

---

[1] Somewhat strikingly, the parties dispute the <u>date</u> of the accident (#49 at 1; #55 at 1).

damage to plaintiff's vehicle (an automobile), however. In Sweetin's deposition, he testified that he also stopped his vehicle (a dump truck) at the red light. The light then turned green and Sweetin's vehicle began moving forward for a right turn. Sweetin testified he saw plaintiff's vehicle, and Sweetin sought to also begin a right turn. Sweetin looked to his left for traffic. When he looked back, plaintiff's vehicle had stopped and Sweetin's vehicle "bumped into" plaintiff's vehicle, despite Sweetin "slamming" his brakes. (#44-3 at pages 3-5 of 7 in CM/ECF pagination). Sweetin estimated his speed at three or four miles an hour and said he was still in first gear. *(Id.* at page 6 of 7).

In plaintiff's deposition, he testified that he did not know the speed of Sweetin's vehicle. (#55-1 at page 4 of 5). He also testified, however, that he believed it to be more than seven miles per hour. (*Id.* at page 5 of 5). Plaintiff's deposition was taken on January 18, 2018. On January 22, 2018 (i.e., four days later) plaintiff executed a declaration pursuant to 28 U.S.C. §1746, stating affirmatively that Sweetin's vehicle had a speed of at least ten miles per hour. (#49-1 at page 1 of 6).[2] He further states "[b]ased on the force and speed at which the dump truck struck my vehicle, Mr. Sweetin could not have brought his vehicle to a stop behind me at any point in time." *Id.* He further states that the rear bumper of plaintiff's vehicle was "folded," the left corner of the bumper was "crushed" and the trunk was damaged. *Id.* at page 2 of 6.

---

[2]Generally, such a declaration may be considered in the summary judgment context under Rule 56(c)(4) F.R.Cv.P.

Movant asks that plaintiff's post-deposition declaration be disregarded. A declaration may not be disregarded simply because it conflicts with the affiant's prior sworn statements. *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 973 (10th Cir.2001). A district court may disregard a contrary affidavit when it concludes the affidavit constitutes an attempt to create a sham fact issue. Factors relevant to the existence of a sham fact issue include whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain. *Id.* Moreover, "[t]o prevent 'sham' affidavits from improperly prolonging litigation, we require the affidavit to explain why the affiant did not mention the matter at an earlier time when one would fully expect it to have been mentioned." *Genberg v. Porter,* 2018 WL 1004603, *10 (10th Cir.2018).

The court declines to disregard the plaintiff's declaration, simply because the court does not view the declaration as contradictory. Plaintiff testified in his deposition that the speed of Sweetin's vehicle was <u>above</u> seven miles per hour; in the declaration he now states ten miles per hour. The two statements are not contradictory. Although plaintiff stated in his deposition that he had no idea if the truck was going more or less than ten miles per hour, and said any estimate of speed by him would be a "complete guess," he also asserted a factual basis for his earlier estimates.[3] Plaintiff's estimate of speed came from the effect of

---

[3] Movant states that the deposition reflects "[p]laintiff's prior refusal (or more accurately, inability) to estimate Sweetin's speed . . . ." (#55 at 3). The court disagrees with this characterization.

3

the impact on him. (#55-1 at pages 4-5 of 5)(the impact "slung me around" and "back and forth," knocked off his sunglasses and threw him toward his passenger). Much the same appears in the declaration (#49-1 at page 1 of 6)("a speed of at least ten miles per hour based on the impact and force at which he struck my vehicle."). This was the same basis expressed for plaintiff's conclusion that Sweetin did not bring his vehicle to a stop before the crash. *Id.* The court finds this sufficient personal knowledge for purposes of Rule 56(c)(4) F.R.Cv.P.

Oklahoma's punitive damages statute, 23 O.S. §9.1, provides for the recovery of punitive damages where the jury finds by clear and convincing evidence that the defendant acted, at a minimum, with reckless disregard for the rights of others. A person acts in reckless disregard for the rights of others if he "was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others." *Raborn v. Johnston,* 2017 WL 4681792, *4 (N.D.Okla.2017)(quoting *Gowens v. Barstow,* 364 P.3d 644, 652 (Okla.2015)). The trial court must determine as a matter of law whether the plaintiff has produced sufficient evidence that a reasonable jury could find that a defendant acted with reckless disregard before instructing the jury as to punitive damages. *Id.* (citing *Badillo v. Mic Century Ins. Co.,* 121 P.3d 1080, 1106 (Okla.2005)).

Punitive damages may be assessed where oppressive intent can be inferred from gross negligence. *Hinds v. Warren Transport, Inc.,* 882 P.2d 1099, 1102 (Okla.Civ.App.1994). The mere happening of an accident as a result of inadvertence on the part of the responsible

4

party is insufficient to constitute gross negligence. *Id*. Only where there is evidence in the record supporting an inference of gross negligence or reckless disregard and/or indifference for the safety of others must the issue of punitive damages be submitted to the jury. *Id*.

The issue is a close one. First, the court must express its substantial doubt that a dump truck traveling at ten miles per hour and striking another vehicle would result in the minimal damage that the photographs of plaintiff's vehicle reflect. Moreover, as stated, plaintiff's burden on this point is one of clear and convincing evidence. The court is required to view the evidence in the light most favorable to plaintiff. In that light, did the dump truck stop at any point prior to impact?[4] Plaintiff states it did not, but this is an <u>inference</u> based upon "the force and speed at which the dump truck struck my vehicle." The court finds the inference dubious in light of the photographs of the vehicular damage. Plaintiff does not state that he <u>saw</u> Sweetin's vehicle approaching the stop light, except when the dump truck was still far away. Sweetin testified he came to a complete stop. Clear and convincing evidence is that measure of degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation sought to be established. *State ex rel. Oklahoma Bar Ass'n v. Hine,* 937 P.2d 996 n.12 (Okla.1997). Even viewed in the light most favorable to plaintiff, the court is not persuaded that a reasonable jury could find by clear and

---

[4] Movant states that "whether Sweetin came to a complete stop is not relevant" to the issue of punitive damages. (#55 at 3). Remarkably, this assertion appears correct under *Fuller v. Neundorf,* 278 P.2d 836, 839 (Okla.1954)(running stop sign at 45 miles per hour did not warrant submission of punitive damages to jury). The court will address the factual issue, as the continuing viability of *Fuller* might be challenged on appeal.

5

convincing evidence there was "reckless disregard" or "gross negligence" on the part of Sweetin.[5]

It is the order of the court that the motion of defendant Sweetin for partial summary judgment (#44) is hereby granted. Plaintiff's claim against defendant Sweetin for punitive damages is dismissed.

**ORDERED THIS 19th DAY OF MARCH, 2018.**

*Ronald A. White*
_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**

---

[5]The court also agrees with movant that evidence as to Sweetin's prior driving record is not relevant in this context, as there is no indication that any of conduct reflected in the prior violations took place in regard to this particular collision. Thus, it is not a basis for an award of punitive damages against him personally.