# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

JERRY FULTON,                    )
                                 )
          Plaintiff,             )
                                 )
v.                               )          Case No. CIV-17-261-RAW
                                 )
CUTTER EQUIPMENT, LLC, and       )
WILLIAM SWEETIN,                 )
                                 )
          Defendants.            )

## <u>ORDER</u>

Before the court is the motion for partial summary judgment of the defendant Cutter

Equipment, LLC ("Cutter"). This lawsuit involves a motor vehicle accident which took place

in early August, 2016 in Ada, Oklahoma between a vehicle operated by plaintiff and a

vehicle operated by defendant Sweetin (an employee of Cutter). As to Cutter, plaintiff brings

a claim for liability under *respondeat superior* and a claim for liability under a theory of

"negligent entrustment." In the present motion, Cutter seeks dismissal of the latter claim.[1]

Cutter previously sought dismissal of the negligent entrustment claim by means of a

partial motion to dismiss (#27). Cutter has admitted that Sweetin was acting within the

course and scope of his employment with Cutter at the time of the accident and that the

subject vehicle being operated by Sweetin was owned, maintained, and controlled by

defendant. (#26 at 1-2, ¶6). Therefore, Cutter argued, under *Jordan v. Cates,* 935 P.2d 289

---

[1]The standard regarding motions for summary judgment is set forth in Rule 56(a) F.R.Cv.P. The
court must view the evidence in the light most favorable to the nonmoving party. *See Sidlo v. Millercoors,
LLC,* 2018 WL 1180500, *4 (10th Cir.2018).

(Okla.1997), any other claim for negligence is foreclosed. This court granted the motion in part and denied it in part (#37), dismissing any claim for negligent hiring, training or supervision, but finding that a claim for negligent entrustment survived.[2] The court also noted that the issue could be revisited by way of summary judgment motion (#37 at 4-5).

The issue is now squarely before the court, and the court concludes (along with the United States District Court for the Northern District of Oklahoma) that, despite the employer's stipulation as to course and scope of employment, "Plaintiff's negligent entrustment claim is not precluded as a matter of law." *Walling v. CRST Malone, Inc.,* 2018 WL 736039, *3 (N.D.Okla.2018).[3]

Next, Cutter argues that even if a claim for negligent entrustment is not legally precluded, plaintiff's evidence is insufficient. Under Oklahoma law, liability for negligent entrustment of a vehicle may be imposed only where the following elements are established: (1) a person who owns or has possession and control of an automobile allowed another driver to operate the vehicle; (2) the person knew or reasonably should have known that the other driver was careless, reckless or incompetent; and (3) an injury was caused by the careless and reckless driving of the automobile. *See Green v. Harris,* 70 P.3d 866, 868 (Okla.2003). The question of negligent entrustment is one of fact for the jury. *Id.* at 868-69.

---

[2]In the present motion, Cutter states in passing that this court raised the issue of distinguishing *Jordan v. Cates* in *sua sponte* fashion. (#50 at 6). This is incorrect. Defendant's own previous motion relied on the *Jordan* decision.

[3]This court's holding is limited to claims of negligent entrustment. *See, e.g., Bales v. Green,* 2018 WL 1144980 n.1 (N.D.Okla.2018).

Cutter's argument is essentially the addition of another essential element.  It argues that none of Sweetin's prior traffic or safety violations were replicated in the accident under litigation.  Therefore, under this argument, any negligent entrustment did not proximately cause the accident.  In this court's view, the cause of action is not so circumscribed.  Negligent entrustment is determined at the time of the entrustment, not retrospectively after the accident itself.  The argument might (or might not) be pertinent to a claim of punitive damages for negligent entrustment, but the court declines to grant summary judgment as to the basic claim itself.[4]

It is the order of the court that the motion for partial summary judgment of defendant Cutter Equipment, LLC (#50) is hereby denied.

**ORDERED THIS 19th DAY OF MARCH, 2018.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[4]Cutter also seeks dismissal of any claim of punitive damages against it as to the negligent entrustment claim, but simply as a necessary concomitant to dismissing the negligent entrustment claim itself. (#50 at 13).  The court will not do so in the absence of a motion expressly directed at punitive damages.  Still, the court's ruling on the issue in a companion order as to defendant Sweetin should indicate the court's view.